UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | No. 3:21-cr-00029-RLY-CSW |
| DAVID ARTHUR CIOTTA, Defendant. | ) -01 | |

## REPORT AND RECOMMENDATION

On August 19, 2026, the Court held an initial hearing on the Petition for Warrant for Offender Under Supervision filed on August 7, 2026 (Dkt. No. 85) and set the matter for final hearing on August 25, 2026. At the final hearing, the Court advised Defendant of the allegations and sentencing guidelines for the Supplemental Petition for Warrant for Offender Under Supervision filed on August 21, 2026. (Dkt. No. 95). Defendant David Arthur Ciotta appeared in person with his appointed counsel Dax Womack. The government appeared by Todd Shellenbarger, Assistant United States Attorney. U. S. Probation appeared by Officer Andrea Rushing.

This matter was referred to the Magistrate Judge to conduct a hearing and make a report and recommendation as to the disposition. (Dkt. No. 90). The defendant was advised that the District Judge is not bound to accept the Report and Recommendation.

The Magistrate Judge conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant David Arthur Ciotta of his rights and provided him with copies of the Petitions. Defendant orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant David Arthur Ciotta admitted to violation numbers 1, 2, 3, 4 and 5. (Dkt. No. 85 and 95). The government voluntarily withdrew violation number 6 and violation number 7 (the only violation in the Supplemental Petition).

3. The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow prescription instructions regarding frequency and dosage."**<br><br>On June 4, June 17, July 1, and July 27, 2026, David Ciotta tested positive for cannabinoids. He admitted to using marijuana with "Katie" from early June until July 18, 2026. As previously reported to the Court, David Ciotta also admitted to using marijuana almost daily from January 2, 2026, until March 29, 2026. He tested positive on the following dates: January 6, January 21, February 2, March 16, March 27, April 8, April 24, May 6, and May 18, 2026. |
| 2 | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program."** |

David Ciotta failed to attend treatment on the following dates: June 23, June 24, July 7, and July 21, 2026.

3 **"The defendant shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."**

On July 21, 2026, David Ciotta failed to appear for a random urinalysis. As previously reported to the Court, on January 2, 2026, David Ciotta attempted to tamper with a urinalysis test administered by Volunteers of America (VOA).

4 **"You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision."**

As previously reported to the Court, during Mr. Ciotta's polygraph exam on May 14, 2026, he admitted that around Christmas time, he went to a party and had contact with an 11-year-old child.

5 **"You shall not use or possess alcohol."**

As previously reported to the Court, on February 2, 2026, David Ciotta admitted to consuming alcohol the day prior. He also admitted to consuming alcohol approximately three times total since December 1, 2025.

4. The parties stipulated that:

(a) The highest grade of violation is a Grade **B** violation.

(b) Defendant's criminal history category is **I**.

(c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **4 to 10**months imprisonment.

5. The parties jointly recommended a sentence slightly above the guideline range of twelve (12) months and one (1) day with five (5) years of supervision to follow, including additional conditions.

6. Upon request from the Court to provide the position of the USPO on the parties' recommendation, the probation officer recommended an enhanced sentence of twenty-four (24) months, which amounts to more than fourteen months over the guidelines. She explained that with the defendant's continued drug usage and this circumstance being the third time he is facing revocation, intensive and significant residential drug treatment is necessary before he can successfully complete a term of supervision. She further explained that unless the defendant is sentenced to twenty-four (24) months or more incarceration, the facility will not place the defendant in a residential drug treatment program.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions as alleged in the petition; that his supervised release term should be revoked; that he is in need of intensive substance abuse and mental health treatment; and that he should be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day imprisonment

with five (5) years of supervision to follow upon release from imprisonment, under the same conditions as previously imposed.

While the undersigned agrees that the defendant is in need of significant interventional treatment, the undersigned also is mindful that the sentence should be no more penal than necessary to effect deterrence. That being so, the undersigned declined to adopt the Probation Officer's reasoned recommendation for a twenty-four-month period of incarceration. Notably, that recommendation significantly exceeded the Parties' recommended agreement. The Probation Officer explained that the justification for a sentence of twenty-four (24) months was to make Defendant eligible for a residential treatment program that he would not qualify for, unless he was sentenced to an incarceration period of at least twenty-four (24) months.

Section 3553 does not afford a sentence to be based solely on the facility's treatment program criteria, and though this is the third time the defendant has failed to meet the conditions of his supervised release, the undersigned does not find that the admitted violations are so egregious as to justify enhancement beyond the Parties' joint recommendation. In other words, the undersigned did not find sufficient justification for fourteen (14) months incarceration beyond the guidelines in this situation. Treatment is needed, but a program's specifications should not be the driving factor for the length of incarceration.

Based on discussion at the Hearing and the Defendant's own allocution, the undersigned also suggests that the District Court Judge include a recommendation

that the Defendant be admitted into the residential drug treatment program provided by facility, despite the length of his incarceration. Defendant testified of his need for help in addressing his chronic drug use, his past experience participating in treatment and willingness to continue to participate, and his commitment to abide by conditions, including drug testing and treatment.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties elected to waive the fourteen-day period to object to this Report and Recommendation.

SO RECOMMENDED.

Date: August 26, 2026

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system.